DICK and another, Receiver, etc., *v.* STRUTHERS and others.

*(Circuit Court, W. D. Pennsylvania. September 19, 1885.)*

1. PATENTS FOR INVENTIONS—PATENT ABOUT TO EXPIRE—INJUNCTION.

A suit in equity was brought on May 5, 1885, on letters patent which expired on the sixteenth of June next succeeding. There was service on the defendant on May 7th, but no steps were taken to secure a preliminary injunction. The bill, however, on its face disclosing a case cognizable in equity, on demurrer, *held*, that the court would not dismiss the bill because of the expiration of the patent.

2. SAME—SUIT BY RECEIVER OF CORPORATION.

In Pennsylvania a receiver of a corporation is the mere custodian of its property; and, not being invested with the title of the corporation to letters patent, he cannot maintain suit thereon in his own name.

In Equity. *Sur* demurrer to the bill of complaint.

*Joshua Douglass*, for complainants.

*D. F. Patterson*, for defendants.

ACHESON, J. This suit was brought on May 5, 1885, upon letters patent which expired on the sixteenth day of June next succeeding. The bill charges the defendant with past, and then continuing and threatened, infringement, and prays for an injunction, "provisional as well as final," and that the infringing drilling jars in the possession of the defendants might be destroyed; also for a discovery, alleged to be "essential and material" to a just determination of the case, for an account, and decree for profits and for damages. Process was served on the defendants on May 7th, but no steps were taken to secure a preliminary injunction; and, the patent having now expired, it is insisted that for this reason the court should not further hold the bill. But if a case is cognizable in equity at the time the bill is filed, the mere fact that the patent has expired does not oust the jurisdiction of the court. *Gottfried* v. *Moerlein*, 14 Fed. Rep. 170. True, in *Betts* v. *Gallais*, L. R. 10 Eq. 392, (cited in *Root* v. *Railway Co.*, 105 U. S. 211,) it was held that the court would not entertain a bill for the mere purpose of giving relief in damages for the infringement of a patent, where suit was begun so immediately before the

expiration of the patent as to render it utterly impossible to have obtained equitable relief during the life of the patent, which had only four days to run after bill filed.   And in *Burdell* v. *Comstock*, 15 Fed. Rep. 395, and in *Davis* v. *Smith*, 19 Fed. Rep. 823, where suits in equity were commenced in the former case only five days, and in the latter but one day, before the expiration of the patent, the bills were dismissed.   But in each of those cases it was evident that the bill was a mere device to transfer a plain jurisdiction to award damages from the forum, to which it properly belonged, to a court of equity.   Here, however, such is not the apparent purpose, and this ground of demurrer is not sustained.

But there is another real difficulty in the plaintiffs' way, in that they do not represent the entire right in the patent, which is necessary in order to sustain the suit.   Walk. Pat. §§ 399, 400, 574; *Gayler* v. *Wilder*, 10 How. 494; *Blanchard* v. *Eldridge*, 1 Wall. Jr. 339; *Hewitt* v. *Pennsylvania Steel Co.*, 24 Fed. Rep. 367.   The bill discloses that the Gibbs & Sterrett Manufacturing Company—a corporation which, as the case stands, is a stranger to the suit—is the owner of one-half the patent.   F. W. Ames, the receiver of that company, is, indeed, the plaintiff; but, clearly, he has no title upon which to maintain an action in his own name.   *Yeager* v. *Wallace*, 44 Pa. St. 294; Kerr, Rec. p. 192, note 1; High, Rec. § 209.   By the law of Pennsylvania, Ames is the mere custodian of the property of the corporation.   By virtue of his appointment as receiver no title to the patent passed from the corporation to him.   Doubtless it was competent for the court appointing him to authorize him to bring suit on the patent; but then it should have been brought in the name of the corporation.   The objection, therefore, that the plaintiff Ames has no title upon which to maintain this suit, the same being in a corporation which is not a party hereto, is well taken, and for this cause the demurrer is sustained.